IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVETTE BETTY OSUEGBU,<br><br>Defendant. | Case No. 3:23-CR-30138-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This case is before the Court on Defendant Evette Betty Osuegbu's Second Motion to Reconsider the Magistrate Judge's Revocation of Pretrial Release. (Doc. 101). The Government responded in opposition to the motion. (Doc. 107).

On January 26, 2024, Magistrate Judge Mark A. Beatty entered an Order of Detention for Defendant Osuegbu after a hearing on the Government's petition to revoke pretrial release. (Doc. 56). Judge Beatty found that there was clear and convincing evidence that Osuegbu violated a condition of her release and that she was unlikely to abide by any condition or combination of conditions. (*Id.*). Osuegbu filed her first Motion to Revoke the Magistrate Judge's Order of Detention pursuant to 18 U.S.C. § 3145(b) in February 2024. (Doc. 62). The undersigned held a hearing on February 27, 2024, and provided Osuegbu an opportunity to testify about the events that led to the revocation of her pretrial release and to explain why Judge Beatty's decision was not supported by clear and convincing evidence. (Docs. 67, 72). Following a *de novo* review, the undersigned denied Osuegbu's motion, affirmed Judge Beatty's Order of Detention, and ordered that Osuegbu remain in the custody

of the United States Marshals Service pending trial. (Doc. 73).

A superseding indictment was filed against Osuegbu on June 20, 2024. (Doc. 89). The same day, the undersigned held a *Frye* hearing regarding the offered and rejected plea agreement in this case. (Doc. 93). During that hearing, Osuegbu informed the Court of her ongoing medical concerns. Due to the growing complexity of the case and the superseding indictment, the undersigned appointed additional counsel for Osuegbu and moved the trial to early December 2024. (Docs. 99, 105). Now, citing the new timeline for trial and her medical condition, Osuegbu again seeks a *de novo* consideration of her pretrial detention, asks that the undersigned reconsider her previous order affirming Judge Beatty's Order of Detention, and requests release from custody.

> Under 18 U.S.C. § 3145(b),
>
> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

This Court has already conducted such review. Section 3145 does not provide for multiple reviews of a magistrate judge's order of detention or reconsideration of a District Court Judge's order of detention (as a judge of a court having original jurisdiction over the offense). As such, the undersigned will not reconsider her own Order affirming Judge Beatty's Order of Detention or conduct a fresh *de novo* review of Judge Beatty's Order.

Even if the Court did reconsider the prior orders, nothing has changed to give the Court confidence that Osuegbu will be more successful on supervised release than she was before. Moreover, the Court heard Osuegbu's medical concerns at the recent *Frye* hearing and notified the United States Marshals Service of Osuegbu's claims. These unverified medical

concerns and complaints, however, do not warrant Osuegbu's release at this time.

Accordingly, the Court **DENIES** the Second Motion to Reconsider the Magistrate Judge's Revocation of Pretrial Release. (Doc. 101). Defendant Osuegbu shall remain in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

DATED:   July 24, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**