IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVETTE BETTY OSUEGBU,

    Defendant.

Case No. 3:23-CR-30138-NJR-1

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Evette Betty Osuegbu's Motion to Dismiss Counts 2 through 13 of the Indictment. (Doc. 112). The Government responded in opposition to the motion. (Doc. 119).

Osuegbu faces charges by superseding indictment including one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, two counts of mail fraud in violation of 18 U.S.C. § 1341, ten counts of wire fraud in violation of 18 U.S.C. § 1343, one count of conspiracy to commit arson in violation of 18 U.S.C. § 844(n), and one count of use of fire to commit a federal felony in violation of 18 U.S.C. § 844(h)(1). (Doc. 89).

In her Motion to Dismiss, Osuegbu argues that the mail and wire fraud charges set forth in Counts 2 through 13 of the Indictment are multiplicitous with each discrete act taken within three alleged criminal schemes treated as a separate crime. According to Osuegbu, the Government should only be permitted to bring three counts—one for

each of the alleged schemes—rather than charging each act in furtherance of each scheme as an independent count. Ultimately, Osuegbu acknowledges the current and well-settled nature of the law in the Seventh Circuit regarding this topic. But given the United States Supreme Court's evolving discussion on the use of mail and wire fraud statutes to prosecute fraudulent conduct, Osuegbu appears to bring her motion as a means to preserve her arguments on appeal.

Federal Rule of Criminal Procedure 12 recognizes the prohibition against multiplicity in an indictment and allows for pretrial objection to such an indictment. FED. R. CRIM. P. 12(b)(3)(B)(ii); *see United States v. Haas*, 37 F.4th 1256, 1260 (7th Cir. 2022). A multiplicitous indictment charges a single offense as separate counts. *United States v. Starks*, 472 F.3d 466, 468-69 (7th Cir. 2006). Whether an indictment is multiplicitous depends on the applicable criminal statute and its allowable unit of prosecution (i.e., "the minimum amount of activity for which criminal liability attaches"). *Haas*, 37 F.4th at 1261.

Under 18 U.S.C. § 1341, "each mailing in furtherance of a scheme to defraud is a separate offense" even with only one overarching scheme. *United States v. Weatherspoon*, 581 F.2d 595, 602 (7th Cir. 1978); *see also United States v. Aldridge*, 484 F.2d 655, 660 (7th Cir. 1973) ("As to the mail fraud counts, it is settled that the gravamen of the offense is the use of the mails and that each such use of the mails constitutes a separate offense."). Similarly, under 18 U.S.C. § 1343, use of interstate wires is prohibited in any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. *United States v. Powell,* 576 F.3d 482, 490 (7th Cir. 2009). As such, each use of interstate wires constitutes a separate offense. *See United States*

*v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002).

Because Counts 2 through 13 of the Indictment present distinct instances of mailing and wiring in violation of 18 U.S.C. §§ 1341 and 1343, the Indictment is not multiplicitous. Accordingly, the Court **DENIES** the Motion to Dismiss Counts 2 through 13 of the Indictment (Doc. 112) filed by Defendant Evette Betty Osuegbu.

**IT IS SO ORDERED.**

DATED:   November 14, 2024

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**