**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EVETTE BETTY OSUEGBU,**<br><br>**Defendant.** | **Case No. 3:23-cr-30138-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Evette Betty Osuegbu's Motion for Compassionate Release/Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 247).

After a six-day jury trial in December 2024, Osuegbu was convicted of Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349, two counts of Mail Fraud in violation of 18 U.S.C. § 1341, ten counts of Wire Fraud in violation of 18 U.S.C. § 1343, Conspiracy to Commit Arson in violation of 18 U.S.C. § 844(n), and Use of Fire to Commit a Federal Felony in violation of 18 U.S.C. § 844(h)(1). (Doc. 219).

At trial, the United States presented evidence related to three fires and a scheme to set a fourth. (Doc. 219). For the better part of a decade, Osuegbu planned and participated in arson-for-insurance schemes. (Doc. 250 at p. 2). She enlisted family to physically start the fires; manipulated a man experiencing homelessness to "purchase" a home and pursue another insurance lawsuit; showed disregard for human life

endangered by her fires; threatened individuals who did not follow her orders; and was recorded planning additional fires while discussing methods to evade surveillance. (Doc. 219 at pp. 2-34). Osuegbu was sentenced to a term of imprisonment of 180 months with a three-year term of supervised release to follow. (Doc. 221). At her sentencing, the Court took note that Ms. Osuegbu showed disrespect for human life—from firefighters' lives, her neighbors', children's, and even entire neighborhoods. (Doc. 236 at pp. 21-22).

Apart from Osuegbu's Motion for Acquittal and Motion for a New Trial following her trial, she also filed a direct appeal which is currently pending in the Court of Appeals for the Seventh Circuit (*United States v. Osuegbu*, No. 25-2106 (7th Cir.)). *See* Doc. 219 and Doc. 250 at p. 3).[1]

## LEGAL STANDARD

A district court "may not modify a term of imprisonment once it has been imposed" as per 18 U.S.C. § 3582(c). *See Dillon v. United States*, 560 U.S. 817, 824 (2010). There is a narrow exception to this rule—compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for compassionate release only if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is satisfied, the court may consider whether

[1] It is worth mentioning that her appeal does not challenge her sentence because the Court imposed the minimum sentence permitted by statute.

extraordinary and compelling reasons warrant a sentence reduction and whether the reduction is appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). The defendant bears the burden of establishing extraordinary and compelling circumstances. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

## Discussion

### A. Jurisdiction

Before the merits of Osuegbu's motion are considered, the Court must determine whether it has the jurisdiction necessary to do so. There is a general rule that an appeal divests the district court of power to proceed further in the case—apart from taking certain steps that will aid the appellate court. *See United States v. O'Connor*, 874 F.2d 483, 489 (7th Cir. 1989) (holding that a district was without power to modify the defendant's sentence upon the filing of a notice of appeal); *see also United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2013) ("[T]he district court is 'without authority' to make any substantive change in the sentence after the appeal [i]s lodged in [the appellate] court."). If a party moves for relief that the district court lacks authority to grant because of a pending appeal, Federal Rule of Criminal Procedure 37(a) presents the court with three options: (1) it may defer consideration of the motion; (2) it may deny the motion; or (3) it may state either "that it would grant the motion if the court of appeals remands for that purpose" or "that the motion raises a substantial issue." *United States v. Barrett*, 834 F.App'x 264, 265 (7th Cir. 2021) (cleaned up).

Here, Osuegbu filed a notice of appeal on June 30, 2025. (Doc. 227). Oral arguments

were held at the Seventh Circuit on September 15, 2026, and a three-judge panel has taken the case under advisement. *United States v. Osuegbu*, No. 25-2106 (7th Cir.). As this Court lacks jurisdiction to adjudicate Osuegbu's motion, it denies her Motion for Compassionate Release.

## CONCLUSION

For these reasons, the Motion for Compassionate Release/Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Evette Betty Osuegbu (Docs. 247, 252) is **DENIED**. Osuegbu's Supplemental Motion (Doc. 255) and her Motion to Appoint Counsel (Doc. 256) are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: September 16, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**